IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


UNITED STATES OF AMERICA

V.                        CASE NO.  4:08CR00233 JMM

OSBOURNE KARL HENRIQUES

**ORDER**

On September 21, 2011, this Court found by a preponderance of the evidence that Defendant was not competent to stand trial because he presently suffers from a mental disease or defect which renders him mentally incompetent to be able to understand the nature and consequences of the proceedings against him or assist properly in his own defense.  *See* 18 U.S.C. § 4241.  After making this decision, the Court allowed Defendant to remain on the same conditions of release which existed prior to the hearing.

On February 3, 2012, the Court held a hearing to determine if it was reasonable to believe that Defendant would ever be able to attain the capacity to permit the proceedings against him to go forward or whether he should be committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the proceedings to go forward.  *See* 18 U.S.C. § 4142(d).

Dr. Richard Dudley, MD, testified on behalf of the Defendant and stated that in his

1

opinion, based upon Defendant's Post Traumatic Stress Disorder, borderline intelligence, depressions and delusions, Defendant could not be restored to mental competency.

Dr. Chad A. Brinkley, Ph.D., testified that he had not examined the Defendant and that he had written an article for the December, 2009, edition of the Journal of Psychiatry & Law concluding that the percentages of restoration for patients like Defendant were low. Dr. Brinkley also testified as to the procedures and remedy's available for Defendant's treatment while in custody of the Attorney General.

The Court is convinced that Dr. Dudley's opinion that the Defendant can never be restored to a level of competency which would allow him to understand the nature and consequences of the proceedings against him or assist properly in his own defense is correct.

However, after reviewing the case law and the relevant statutes, the Court is also convinced that it does not have any discretion in deciding whether 18 U.S.C. § 4142(d) applies.

Therefore based upon the mandatory language of 18 U.S.C. § 4241(d), the Defendant is committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility for such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.

Any delay in the trial of this case occasioned by the examination and treatment ordered herein shall be excludable under the provisions of the Speedy Trial Act provided by 18 U.S.C. § 3161(h)(1)(A) which includes a "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the Defendant" and 18 U.S.C. § 3161(h)(1)(F) which excludes any period of "delay resulting from transportation of

any defendant . . . to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date [of] an order . . . directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable[.]"

A copy of this Order shall be served on the United States Marshal, to communicate with the BOP in order to designate, as soon as practicable an appropriate institution where Defendant shall receive appropriate treatment.  The United States Marshal is directed to immediately notify the Court when the designation has been made.  By separate order the Defendant will be instructed of the date to self-report to the designated facility.

If at any time during the period specified above, the director of the facility in which the Defendant is hospitalized determines that the Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the Clerk of the Court that ordered the commitment.  The Clerk shall send a copy of the certificate to the Defendant's counsel and to the attorney for the Government.  The Court shall hold a hearing, conducted pursuant to the provisions of 18 U.S.C. § 4247(d), to determine the competency of the Defendant. If, after the hearing, the court finds by a preponderance of the evidence that the Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the Court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial or other proceedings.

If, at the end of the time period specified above, it is determined that the Defendant's

mental condition has not so improved as to permit proceedings to go forward, the Defendant is subject to the provisions of 18 U.S.C. § § 4246 and 4248.

Defendant's psychiatric reports shall remain under seal.

IT IS SO ORDERED THIS  6   day of    February   , 2012.

_____
James M. Moody
United States District Judge