IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


UNITED STATES OF AMERICA

V.                    CASE NO. 4:08CR00233 JMM

OSBOURNE KARL HENRIQUES

**ORDER**

On February 6, 2012, this Court pursuant to 18 U.S.C. § 4241(d) committed the Defendant to the custody of the Attorney General for hospitalization and treatment in a suitable facility for such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the trial to proceed.

On February 9, 2012, the United States Marshal notified the Court that the Bureau of Prisons had designated the Federal Medical Center at the Butner Federal Correctional Complex in Butner, North Carolina as Defendant's treatment facility.

On February 8, 2012, the defendant filed an interlocutory notice of appeal of the Court's February 6, 2012 Commitment Order. Based upon the defendant's Notice of Appeal, the Court stayed the Commitment Order and report date until the appeal was resolved.

On October 29, 2012, the United States Court of Appeals affirmed this Court's ruling and lifted the stay (DE's #97 & #98) .

Therefore, pursuant to 18 U.S.C. § 4241(d), the defendant is committed to the custody of

1

the Attorney General for hospitalization and treatment in a suitable facility for such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.

Any delay in the trial of this case occasioned by the examination and treatment ordered herein shall be excludable under the provisions of the Speedy Trial Act provided by 18 U.S.C. § 3161(h)(1)(A) which includes a "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" and 18 U.S.C. § 3161(h)(1)(F) which excludes any period of "delay resulting from transportation of any defendant . . . to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date [of] an order . . . directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable[.]"

A copy of this Order shall be served on the United States Marshal, to communicate with the Bureau of Prisons in order to designate, as soon as practicable an appropriate institution where the defendant shall receive appropriate treatment. The United States Marshal is directed to immediately notify the Court when the designation has been made. By separate order the defendant will be instructed of the date to self-report to the designated facility.

If at any time during the period specified above, the director of the facility in which the defendant is hospitalized determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the Clerk of the Court that ordered the commitment. The Clerk shall send a copy of the certificate to the

defendant's counsel and to the attorney for the Government.  The Court shall hold a hearing, conducted pursuant to the provisions of 18 U.S.C. § 4247(d), to determine the competency of the defendant.  If, after the hearing, the Court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the Court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial or other proceedings.

If, at the end of the time period specified above, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of 18 U.S.C. §§ 4246 and 4248.

Defendant's psychiatric reports shall remain under seal.

The Clerk of the Court is directed to send a copy of this Order to the United States Marshals Service and the United States Probation Office

IT IS SO ORDERED THIS 2nd day of November, 2012.

_____
James M. Moody
United States District Judge